IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RURAL WATER, SEWER AND SOLID WASTE MANAGEMENT DISTRICT NO. 1, LOGAN COUNTY, OKLAHOMA, an agency and legally constituted authority of the State of Oklahoma,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF GUTHRIE, an Oklahoma municipality, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CIV-05-786-R |

# **O R D E R**

On December 19, 2007, the court issued an order certifying various rulings for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. No. 182). That same date, the court also issued a judgment pursuant to Fed. R. Civ. P. 54(b) with respect to the third-party complaint and counterclaim (Doc. No. 183). Thereafter, defendants City of Guthrie and the Guthrie Public Works Authority ("the City defendants") appealed the Rule 54(b) judgment to the Court of Appeals for the Tenth Circuit (Doc. No. 184). On January 24, 2008, the Court of Appeals issued an Order declaring that this court's order and judgment, taken together, did not meet the certification requirements set forth in Stockman's Water Co. LLC v. Vaca Partners, L.P., 425 F.3d 1263 (10th Cir. 2005). Pursuant to Fed. R. Civ. P. 60(a), the court issues this order to clarify that its March 6, 2007 (Doc. No. 140) and June 22, 2007 (Doc. No.

169) orders, taken together with this order and the Amended Judgment to be issued, constitute a final judgment deserving of interlocutory review.

In its March 6, 2007 Order (Doc. No. 140), the court granted the United States Department of Agriculture's ("USDA") motion to dismiss the City defendants' third-party complaint as to the government. The court found the City defendants could not assert claims for injunctive relief because the government had not waived its sovereign immunity with respect to such claims. Order at 9 (Doc. No. 140). In addition, the court found the City defendants could not assert any claims against the government with respect to loans assigned to third-party defendant Community Program Loan Trust 1987A ("the Trust") as those claims were barred by the six-year statute of limitations. Id. at 10-11. Finally, the court concluded the City defendants lacked prudential standing to assert any claims under the Administrative Procedures Act because they were not within the zone of interests created by the statute. Id. at 9 n. 6, 13-14. In its June 22, 2007 Order (Doc. No. 169), the court reaffirmed these rulings and dismissed the third-party complaint in its entirety in light of the City defendants' dismissal of their claims against the Trust. In that order, the court also granted plaintiff's motion to dismiss the City defendants' counterclaim for failure to join the USDA and the Trust, based on the court's finding that they were necessary and indispensable parties. Order at 12-15 (Doc. No. 169).

In Stockman's Water Co., LLC, the Court

> noted certification is appropriate *only* when the district court "adheres strictly to the rule's requirement that a court make two express determinations." First, the district court must determine that its judgment is final. Second, the district court must determine that no just reason for delay of entry of its judgment exists.
>
> In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."

Stockman's Water Co., LLC, 425 F.3d at 1265 (emphasis in original; citations omitted).

In accordance with the Tenth Circuit's decision in Stockman's Water Co. LLC, the court expressly finds that its March 6, 2007 and June 22, 2007 Orders, taken together with this order and its Amended Judgment ("the court's orders"), constitute a final judgment as to the third-party complaint and the City defendants' counterclaim. A judgment is "final" for purposes of Rule 54(b) when it represents the "ultimate disposition of an individual claim entered in the course of a multiple claims action." Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005). The court's orders constitute the ultimate disposition of the City defendants' third-party claims and counterclaim. Based on the court's orders, and absent a contrary ruling by the Court

of Appeals, the City defendants are foreclosed from obtaining *any* relief from the USDA or the Trust and cannot obtain any affirmative relief from plaintiff.

Moreover, the claims adjudicated in the court's orders are "distinct and separable from the claims left unresolved." Jordan, 425 F.3d at 826.  The court's dismissal of the City defendants' third-party complaint and counterclaim was jurisdictional in nature; the court did not reach the merits of the City defendants' challenges against the District's loans.  The court's rulings were limited to the legal issues of sovereign immunity, prudential standing, and indispensability; the orders in question did not resolve the underlying factual issues raised by the District's claims.  Although some factual overlap exists, the court expressly finds that interlocutory review of the court's orders would not require the appellate court "to decide the same issues more than once even if there were subsequent appeals"[1] as only the jurisdictional questions are at issue in this appeal.  These jurisdictional issues need be resolved but once, and doing so before a trial on the merits advances judicial economy.  If the court were to go forward with trial on the merits in the absence of the USDA and the Trust and the Court of Appeal were to subsequently reverse the court's jurisdictional rulings, a second trial will be required, leading to a second appeal during which the Court of Appeals will necessarily have to once again "familiarize [itself] with the facts of the case." Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001).  If, however, the Court were

---

[1] Stockman's Water Co., LLC, 425 F.3d at 1265.

to decide the jurisdictional issues at this juncture and the merits of the District's claims were appealed at the conclusion of any trial, review of those claims will necessarily involve factual and legal issues entirely distinct from the purely jurisdictional issues to be raised on interlocutory appeal of the court's orders.  *See* Jordan, 425 F.3d at 827.

Also in accordance with the Tenth Circuit's decision in Stockman's Water Co. LLC, the court expressly finds there exists no "just reason to delay" appellate review of its March 6, 2007 and June 22, 2007 Orders.  Stockman's Water Co. LLC, 425 F.3d at 1265.

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (citations omitted).

Balanced against "the historic federal policy against piecemeal appeals"[2] is the judicial economy that would be served by an immediate appeal of the jurisdictional issues in this case.  Based on the court's orders, neither the USDA nor the Trust are

---

[2] Id.

parties to this action and the City defendants are foreclosed from seeking any affirmative relief. If the court's rulings with respect to sovereign immunity, prudential standing, and indispensability are in error, two necessary parties will not have participated in the trial on the merits and any verdict rendered would be voidable.[3] As noted earlier, an appeal of the jurisdictional issues at this juncture may actually prevent multiple appeals on the merits.

In addition to the judicial administrative interests noted above, the equities favor an immediate appeal. Resolution of the jurisdictional issues at this juncture would save the parties from having to litigate the merits of this action more than once, which will save the parties time and litigation expenses. Moreover, as these issues are present in other federal cases in Oklahoma, resolution of the jurisdictional issues will not only advance the ultimate resolution of this action but possibly also similar cases pending in this District and the Northern District of Oklahoma.[4] In many respects, the judicial administrative interests and the equities dovetail and militate in favor of granting judgment pursuant to Rule 54(b).

---

[3] Moreover, as they are not parties, neither the USDA nor the Trust can participate in shaping the progress of the litigation, including any trial or settlement discussions.

[4] *See* Beckham County Rural Water Dist. No. 3 v. City of Elk City, Case No. CIV-05-1485-F (W.D. Okla. filed Dec. 21, 2005); Rural Water Dist. No. 3 v. Owasso Pub. Works Auth., Case No. 06-CV-231 (N.D. Okla. filed Apr. 25, 2006).

Furthermore, the jurisdictional issues are clearly "separable from the others remaining to be adjudicated"[5] as only the factually intense issue of whether plaintiff has made service available remains for decision. Apart from the purely legal jurisdictional issues raised by the court's orders, the claims presented in the third-party complaint and the counterclaim are also separable from the District's claims as they seek separate affirmative relief for the City defendants based on theories distinct from those raised by the District. In particular, the graduation claims asserted by the City defendants are only raised in the third-party complaint and the counterclaim; they are not raised as affirmative defenses to the District's action. Moreover, even if there is a subsequent appeal, the Court will not again be faced with the jurisdictional issues raised by the court's orders and therefore will not "have to decide the same issues more than once". Stockman's Water Co. LLC, 425 F.3d at 1265.

Therefore, the court supplements its December 19, 2007 Order (Doc. No. 182) with the findings and conclusions expressed in this order to clarify that its March 6, 2007 and June 22, 2007 Orders constitute a final adjudication of the issues presented within the meaning of Fed. R. Civ. P. 54(b). In accordance with Fed. R. Civ. P. 54(b), the court finds no just reason to delay an appeal of the jurisdictional rulings made in those orders and in fact finds an immediate appeal would favor

---

[5] Stockman's Water Co. LLC, 425 F.3d at 1265.

judicial administrative interests and the equities involved.  The court will issue an Amended Judgment pursuant to Fed. R. Civ. P. 58(a).

It is so ordered this 21st day of February, 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE