IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RURAL WATER, SEWER AND ) <br> SOLID WASTE MANAGEMENT ) <br> DISTRICT NO. 1, LOGAN COUNTY, ) <br> OKLAHOMA, an agency and ) <br> legally constituted authority of the ) <br> State of Oklahoma, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF GUTHRIE, an Oklahoma ) <br> municipality, et al., ) <br> ) <br> Defendants. ) | No. CIV-05-786-R |

# **O R D E R**

On January 6, 2006, plaintiff filed a motion for summary judgment asking the court to declare that defendants' statute of limitations defense was not available as a matter of law. In response to plaintiff's summary judgment motion, defendants conceded that the statute of limitations did not bar plaintiff's claims, but asserted the two-year limitations period did limit the amount of damages plaintiff could collect. Defendants' Response to the Plaintiff's Motion for Summary Judgment at 44-46 (Doc. No. 37). In its reply brief, plaintiff stated: "Guthrie concedes the statute of limitations cannot be applied to preclude Logan-1's claims except to the extent it may preclude Logan-1 from going back more than 2 years for the calculation of monetary damages. Therefore, Logan-1 is entitled to a partial summary judgment declaring same." Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for

Partial Summary Judgment at 18-19 (Doc. No. 46). Based on the parties' briefs, the court concluded:

> The court finds the District is not, however, entitled to summary judgment on the City defendants' statute of limitations claim. In response to District's motion, the City defendants clarified this defense relates solely to the damages to which the District may be entitled should it prevail. Defendants' Response at 46. They argue – and the District does not contest – that the statute of limitations bars the District from recovering damages prior to July 12, 2003. As the District does not contest the City defendants' clarified limitations defense, it is not entitled to judgment in its favor.

Rural Water, Sewer & Solid Waste Mgmt. Dist. No. 1 v. City of Guthrie, Case No. CIV-05-786-R, ord. at 20 (W.D. Okla. Sept. 27, 2007) (Doc. No. 170) (footnote omitted).

This matter is before the court on defendants' ninth motion in limine, which seeks a ruling that plaintiff may not present evidence of damages that occurred prior to the two year statute of limitations.[1] Defendants assert that evidence of damages outside the limitations period is not relevant and would tend to confuse the jury. In addition, defendants note that plaintiff's damages expert has not calculated damages outside the two-year limitations period. Plaintiff counters that the statute of limitations does not apply to it because it has sued to vindicate a public right. It also

---

[1] In its summary judgment ruling, the court noted that this action was filed on July 12, 2005 and that a "two-year limitations period applies to actions to enforce rights under § 1926(b)." Id. at 20 n.18. Plaintiff filed a supplement to its complaint on August 25, 2010. The two-year limitations period for the supplemental claims would therefore begin on August 25, 2008.

asserts that lay witnesses can provide testimony detailing plaintiff's damages prior to the period not covered by its expert's report.

On December 17, 2007, the court issued an order denying plaintiff's motion for reconsideration of its summary judgment rulings. In its motion to reconsider, plaintiff presented the same argument it presents here: that it is exempt from the statute of limitations because it is enforcing public rights. *See* Plaintiff's Motion to Reconsider the Court's Ruling Relating to Fire Protection and the Statute of Limitations Defense at 14-16 (Doc. No. 172). In its order denying the motion, the court labeled "plaintiff's newly minted statute of limitations arguments . . . simply without merit." Rural Water, Sewer & Solid Waste Mgmt. Dist. No. 1 v. City of Guthrie, Case No. CIV-05-786-R, ord. at 3 (W.D. Okla. Dec. 17, 2007) (Doc. No. 181). The court sees no reason to revisit its prior rulings at this late date.

Defendants' Ninth Motion *In Limine* to Strike and Exclude Evidence of Damages Barred by the Statute of Limitations (Doc. No. 290) is therefore GRANTED.

It is so ordered this 21st day of December, 2012.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE