IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RURAL WATER, SEWER AND SOLID WASTE MANAGEMENT DISTRICT NO. 1, LOGAN COUNTY, OKLAHOMA, an agency and legally constituted authority of the State of Oklahoma,

Plaintiff,

v.

No. CIV-05-786-R

CITY OF GUTHRIE, an Oklahoma municipality, et al.,

Defendants.

**O R D E R**

This matter is before the court on a number of motions in limine presented by the parties. Altogether defendants filed ten motions in limine, while plaintiff filed four. Prior to the first trial setting,[1] the court ruled on defendants' first and ninth motions in limine and plaintiff's motion regarding defendants' loan defenses. The court also struck plaintiff's motion in limine regarding defendants' expert witness. This order contains the court's rulings with respect to the remaining motions in limine.

[1]This matter was set for trial on January 15, 2013. Civil Jury Docket Before Judge David L. Russell (Doc. No. 266). On January 7, 2013, however, the parties announced they had settled the matter. The case was therefore administratively closed. After a number of extensions of the administrative closing order, the parties informed the court that they could not finalize the settlement. The court therefore set this matter on the November 5, 2013 trial docket. Order at 1 (Doc. No. 378).

In their second motion in limine, defendants ask "the Court to reaffirm that the parties may not bring in evidence from the settlement negotiations, as provided by Fed. R. Evid. 408(a)." Defendants' Reply in Support of Second Motion *In Limine* to Strike and Exclude Evidence Relating to Settlement at 2 (Doc. No. 312). The court sees no reason for such an order, as the parties and counsel understand their obligations under Rule 408. Moreover, evidence of conduct or statements made during the course of negotiations can be admitted if offered for a purpose other than to prove the validity of a claim. Fed. R. Civ. P. 408(b). The court cannot rule on the admissibility of such evidence in a vacuum. Particularly given defendants' failure to specify what, if any, evidence might be offered, the court will deny the motion.

Defendants' third motion seeks to exclude evidence that plaintiff is an association and that it is indebted as defined in 7 U.S.C. § 1926. These facts, which are the first two elements of plaintiff's § 1926(b) claim, are not disputed. Plaintiff, however, is entitled to present some background of itself and the loan program so the jury will have an understanding of the issues in the case. The court therefore denies defendants' motion, but cautions plaintiff to tread lightly and not to offer cumulative evidence.

In their fourth motion in limine, defendants seek an order precluding plaintiff from offering evidence that it could have made service available to customers who requested such service before plaintiff existed. Defendants' argument is completely logical: plaintiff could not offer services before it existed, and it is not entitled to

§ 1926(b) protection until it was indebted, which likewise could not occur if it was not a body corporate. The court however reserves ruling on 36 of the 38 customers identified by defendants[2] because there is an issue with respect to whether the date of service shown by defendants is the date these customers actually requested service.[3] It is plaintiff's burden to establish when these customers requested service; if it cannot provide alternative dates at trial, the court will entertain a motion for judgment as a matter of law with respect to these customers.[4] The court, however, grants the motion with respect to Customers 171 and 362, as these customers are also implicated by defendants sixth and seventh motions in limine. *See infra* at 4-6.

Defendants' fifth motion in limine seeks an order precluding plaintiff from presenting evidence regarding customers who reside inside the City of Guthrie's 1972 corporate boundaries. Defendants argue these customers are outside plaintiff's statutory territory and therefore plaintiff has no exclusive right to serve them. The court concurs. Plaintiff's citation of Sequoyah County RWD No. 7 v. Town of Muldrow, 191 F.3d 1192 (10th Cir. 1999) is inapposite. In Sequoyah, the Court did not hold that a water district had the right to sell water outside its

---

[2]Exhibit 1 to Defendants' Fourth Motion *In Limine* to Strike and Exclude Evidence Solely Relating to Disputed Customers that Were Customers of Guthrie Prior to 1976 (Doc. No. 282-1).

[3]*See* Plaintiff's ("Logan-1") Response and Objection to Defendants' ("Guthrie") 10th Motion in Limine at 2-4 (Doc. No. 307).

[4]The court notes that plaintiff "must have made service available '*prior to the time* the allegedly encroaching association beg[an] providing service in order to be eligible for [§] 1926(b) protection.'" Sequoyah County RWD No. 7 v. Town of Muldrow, 191 F.3d 1192, 1202 (10th Cir. 1999) (citation omitted; emphasis added).

geographic area, as that issue was not before the Court. The only customers at issue in this case are those that are within plaintiff's geographic area, and there is no dispute that that area does not include customers inside the City of Guthrie's 1972 boundaries.[5] The court therefore grants defendants' fifth motion in limine. Evidence with respect to the 10 customers listed on Exhibit 1 to defendants' fifth motion in limine is not relevant and will not be admitted at trial.

Defendants' sixth and seventh motions in limine are opposite sides of the same coin. In the sixth motion, defendants ask the court to preclude evidence with respect to 105 customers for whom plaintiff's damages expert, Scott Northrip, assessed no damages. In his deposition, Northrip testified that damages were not assessed for customers for whom "water could not be supplied to that individual . . . we're not able to provide water to them."[6] Northrip received the list of customers who could be supplied by plaintiff from plaintiff's engineering expert, David Wyatt. Id. at 24. In the seventh motion, defendants seek an order excluding plaintiff from presenting evidence regarding 95 customers for whom Wyatt testified plaintiff

---

[5]Exhibit 2 to Exhibits to Opening Brief in Support of Plaintiff's Motion for Partial Summary Judgment Declaring Entitlement to 7 U.S.C. § 1926(b) Protection at 2 (Doc. No. 223-2). *See also* 82 O.S. § 1324.2(6); Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1 v. City of Guthrie, 253 P.3d 38, 46 (Okla. 2010) ("the plain language of the Act clearly creates a limited and restricted franchise to serve the defined area.") (footnote omitted).

[6]Exhibit 3 to Defendants' Sixth Motion *In Limine* to Exclude Evidence Relating Solely to Customers for Which Scott Northrip Admits Logan-1 Suffered No Damages at 25 (Doc. No. 285-3).

could not make service available either because the customers are outside plaintiff's service area or it was not practical to provide service to them.[7]

In its response to the sixth motion, plaintiff argues it should be able to seek nominal damages as well as equitable relief with respect to the customers for whom Northrip did not calculate damages. Plaintiff, however, is entitled to no relief with respect to customers to whom it did not make service available. As Wyatt and Northrip have testified that service could not be made available to the 105 customers listed on Exhibit 1 to the sixth motion, no relief is warranted and evidence regarding these customers is irrelevant. Moreover, in its response to the seventh motion, plaintiff admits Wyatt excluded these customers from his analysis, but argues it should be permitted to "provide evidence that these customers are within Logan-1's state established territory, and that Logan-1 claims no § 1926(b) protection to these customers."[8] Plaintiff argues such evidence is relevant "to establish that Logan-1 has reviewed the customers to whom Guthrie has provided water service within the Logan-1 Territory, and only claims § 1926(b) protection to certain of those customers, i.e., those customers to whom Logan-1 has made service available."[9] This admission, of course, is fatal to plaintiff's argument that it is entitled to nominal

[7]All of the 95 customers listed on Exhibit 1 to the seventh motion are also listed on Exhibit 1 to the sixth motion. Neither party explained the 10 customer disparity between the two lists.

[8]Plaintiff's Response and Objection to Defendants' Seventh Motion in Limine to Strike and Exclude Evidence Relating to Customers for Which David Wyatt Admits Service Cannot be Made Available at 2 (Doc. No. 311).

[9]Id. at 3.

damages and equitable relief for these customers. Moreover, the court fails to see the relevance of this evidence. As plaintiff pointed out, the disputed customers in this case are the customers contained in Wyatt's reports. Id. at 2. These are the only customers at issue in this case; to bring in evidence of other customers would only confuse the jury. The court will therefore grant defendants' sixth and seventh motions in limine.[10]

Defendants' eighth motion in limine amounts to another attempt at a *Daubert*[11] motion as defendants attack Wyatt's testimony on the grounds that it is speculative or based on incomplete information. To the extent that is true, defendants can object at trial or cross-examine Wyatt on the holes in his analysis. The court cannot rule on the admissibility of such testimony in a vacuum. Defendants' eighth motion in limine – which asks the court to do just that – is therefore denied.

In their tenth motion in limine, defendants basically ask the court to declare – as a matter of law – that failure to provide service within two years of a request constitutes failure to make service available. That, however, is an issue the jury must decide. Plaintiff and defendants can present the evidence and arguments

---

[10]The court, however, does not grant the seventh motion in limine with respect to Mission Hills. In a footnote in their reply brief, defendants disingenuously state that "Mr. Wyatt testified that service could not be made available to customers not included in his *2012* Report." Defendants' Reply Brief in Support of Their Seventh Motion *In Limine* to Strike and Exclude Evidence Relating to Customers Which David Wyatt Admits Service Cannot be Made Available at 3 n.1 (Doc. No. 336) (emphasis added). The 2012 report supplements the expert report Wyatt prepared in 2006. That report clearly discusses Mission Hills. *See* Declaration and Expert Report of David Wyatt at 20-22 (Doc. No. 252-1).

[11]Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

made in their briefs to the jury during the course of the trial. The jury will then determine what period of time is unreasonable. The court therefore denies defendants' tenth motion in limine, except with respect to Customer Nos. 171, 300, 308, and 362 who have been excluded based on the court's rulings on defendants' sixth and seventh motions in limine.

The first of plaintiff's remaining motions in limine requests an order excluding any evidence or argument that plaintiff has an obligation to provide fire protection in order to obtain § 1926(b) protection. In its ruling on the parties' motions for summary judgment, the court declared that rural water districts are not required by federal or state law to provide fire protection. Order at 15-17 (Doc. No. 170). This ruling was affirmed by the Court of Appeals for the Tenth Circuit, which also held that plaintiff's "ability to provide fire protection is *simply not relevant* to the specific question of whether Logan-1 has adequate pipes in the ground to 'make service available' for purposes of the § 1926(b) protection from competition." Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1 v. City of Guthrie, 654 F.3d 1058, 1066 (10th Cir. 2011) (emphasis added; footnote omitted). In their response to plaintiff's motion in limine, defendants reiterate the arguments they made in their summary judgment briefs. Those arguments are no more persuasive this time around. Moreover, defendants' reliance on Rural Water Dist. No. 4 v. City of Eudora, 659 F.3d 969 (10th Cir. 2011), is misplaced. Unlike plaintiff in this case, the rural water district at issue in City of Eudora provided fire protection. Rural Water Dist. No. 4 v. City of Eudora, 604 F.

Supp. 2d 1298, 1320 (D. Kan. 2009). The costs of providing such protection are only relevant if a district provides such service.[12] As plaintiff does not, any evidence regarding fire protection is irrelevant. The court will therefore grant plaintiff's motion in limine.

The final motion in limine before the court is plaintiff's motion to exclude evidence concerning water quality and service issues. Defendants have advised the court they intend to present evidence that plaintiff's service to its existing customers is less than adequate. That evidence will consist of testimony that plaintiff's current customers are subject to water rationing and low water pressure and that plaintiff's water supply contains high uranium levels. Plaintiff counters that the only issue in this case is whether it can provide potable water at a reasonable pressure to the disputed customers. The court will reserve ruling on this motion until plaintiff has presented its case in chief or has otherwise opened the door. The parties shall not refer to these issues in their opening statements and shall not present evidence on these issues until the court rules. If defendants think plaintiff has opened the door to such inquiry, counsel shall approach the bench and receive a ruling from the court before attempting to elicit testimony on these issues.

---

[12]Defendants argue they should be able to present "testimony that Logan-1's costs are excessive because of the additional cost that the Disputed Customers would have to incur to obtain fire protection." Response in Opposition to Plaintiff's Motion in Limine at 8 (Doc. No. 343). This argument, however, is contrary to the Court's holding in City of Eudora that it is "the nature and cost of all services *offered by the water district*" that is at issue. City of Eudora, 659 F.3d at 982. (emphasis added). It is only if a water district provides fire services that the pricing of such services comes into play. Id.

In sum, the court GRANTS the following motions to the extent noted above: Defendants' Fifth Motion *In Limine* to Strike and Exclude Evidence Solely Relating to Customers Inside the 1972 Corporate Boundaries of the City of Guthrie (Doc. No. 284); Defendants' Sixth Motion *In Limine* to Strike and Exclude Evidence Relating Solely to Customers for Which Scott Northrip Admits Logan-1 Suffered No Damages (Doc. No. 285); Defendants' Seventh Motion *In Limine* to Strike and Exclude Evidence Relating to Customers for Which David Wyatt Admits Service Cannot be Made Available (Doc. No. 286); and Plaintiff's Motion in Limine to Exclude Any Evidence or Argument that Logan-1 Has an Obligation to Provide Fire Protection i Order to Obtain 7 U.S.C. § 1926(b) Protection (Doc. No. 289). The court RESERVES RULING on Defendants' Fourth Motion *In Limine* to Strike and Exclude Evidence Solely Relating to Disputed Customers that Were Customers of Guthrie Prior to 1976 (Doc. No. 282) and Plaintiff's Motion In Limine to Exclude Evidence and Argument Concerning Water Quality and Service Issues (Doc. No. 292). The court DENIES Defendants' Second Motion *In Limine* to Strike and Exclude Evidence Relating to Settlement (Doc. No. 270); Defendants' Third Motion *In Limine* to Strike and Exclude Evidence Already Adjudicated in this Court's Previous Rulings (Doc. No. 271); Defendants' Eighth Motion *In Limine* to Strike and Exclude Any Evidence Based on Speculation or Reliant Upon Unproven Contingent Events (Doc. No. 288); and Defendants' Tenth Motion *In Limine* to Strike and Exclude Evidence Relating to

Customers for Which David Wyatt Admits Logan-1 Count Not Serve Within a Reasonable Time (Doc. No. 291).

It is so ordered this 22nd day of October, 2013.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE