# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RURAL WATER, SEWER AND SOLID WASTE MANAGEMENT DISTRICT NO. 1, LOGAN COUNTY, OKLAHOMA, AN AGENCY AND LEGALLY CONSTITUTED AUTHORITY OF THE STATE OF OKLAHOMA, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-05-786-M |
| CITY OF GUTHRIE, AN OKLAHOMA MUNICIPALITY AND THE GUTHRIE PUBLIC WORKS AUTHORITY, A PUBLIC TRUST, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Supplement the Record of Phase II of Trial, filed January 22, 2015. On February 17, 2015, defendants filed their response, and on February 24, 2015, plaintiff filed its reply. Also before the Court is defendants' Motion to Strike and Seal Privileged Material, with Request for Sanctions, filed February 17, 2015. On March 3, 2015, plaintiff filed its response, and on March 10, 2015, defendants filed their reply. Finally, before the Court is defendants' Motion for Leave to Conduct Discovery Regarding (1) Plaintiff's Motion to Supplement the Record of Phase II of Trial and (2) Defendant's Motion to Strike and Seal Privileged Material with Request for Sanctions, filed March 4, 2015. On March 13, 2015, plaintiff filed its response, and on March 20, 2015, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff has moved this Court to supplement the record of Phase II of the trial with two letters that the City of Guthrie's attorney, Randel Shadid, sent to the City of Guthrie's Mayor, Council, and City Manager. Plaintiff seeks to submit these letters for the limited purpose of establishing that defendants were aware that their extension of service southward down South Division Street to the disputed customers Mission Hills and Pleasant Hills was a major encroachment issue before the construction of the South Division Extension began. Defendants assert that these letters contain privileged information protected by the attorney-client privilege and that defendants never authorized the release of these documents. Defendants, thus, move this Court to strike plaintiff's motion to supplement the record and to seal these two letters. Defendants also move this Court for leave to conduct discovery regarding how plaintiff and Ms. Hirzel obtained these two letters.[1]

II. Discussion

    A. Whether the letters contain privileged information protected by the attorney-client privilege

> The [attorney-client] privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor. The privilege also protects advice given by the lawyer in the course of representing the client. The privilege protects communications with in-house counsel as well as outside attorneys. The privilege, however, is to be extended no more broadly than necessary to effectuate its purpose.
>
> Not every communication between an attorney and client is privileged, only confidential communications which involve the

---

[1] Plaintiff states that it obtained the letters from Ms. Hirzel, a citizen. Ms. Hirzel states that she obtained these two letters through an Open Records Act request. Defendants question the veracity of these statements.

> requesting or giving of legal advice. The focal point of the protection afforded by the attorney-client privilege lies with communications between attorneys and their clients. And, although the privilege protects disclosure of substantive communication between attorney and client, it does not protect disclosure of the underlying facts by those who communicated with the attorney. There must be a connection between the subject of the communication and the rendering of legal advice for the attorney-client privilege to shield the communication from disclosure. Legal advice must predominate for the communication to be protected. The privilege does not apply where the legal advice is merely incidental to business advice. There is also a distinction between a conference with counsel and a conference at which counsel is present; the mere presence of counsel at a meeting does not make all communications during the meeting privileged.
>
> A general description of the work performed by the attorney is not protected by the privilege. Acts or services performed by an attorney during the course of the representation are not within the privilege because they are not communications. . . . Nor is information privileged simply because it comes from an attorney. The mere fact that one is an attorney does not render everything he does for or with the client privileged. . . .

*In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 674-75 (D. Kan. 2005) (internal quotations and citations omitted).

Having carefully reviewed the two letters in question, the Court finds the letters do not contain information protected by the attorney-client privilege. Specifically, the Court finds that neither letter contains "legal advice." In the December 27, 2004 letter, Mr. Shadid simply reminds the city manager that he needs copies of certain documents and states that he needs to meet with the city manager. In the December 22, 2004 letter, Mr. Shadid simply sets forth information he received during a meeting with plaintiff that was open to the public, sets forth plaintiff's position regarding defendants encroaching into its district, sets forth what the parties were to do after the meeting, and states that he will be doing some legal research and visiting with staff regarding the issues.

3

Accordingly, because the letters are not protected by the attorney-client privilege, the Court finds that plaintiff's Motion to Supplement the Record of Phase II of Trial should not be stricken and finds that there is no basis to seal the letters. Further, the Court finds there is no need for any discovery regarding how plaintiff obtained the letters.

B. <u>Whether the record of Phase II of the trial should be supplemented with the letters</u>

> A district court has broad discretion to reopen a case to accept additional evidence and that decision will not be overturned on appeal absent an abuse of that discretion. In deciding whether to reopen [t]he court should consider the time the motion [if any] is made, the character of additional testimony and the potential prejudicial effect in granting or denying the motion. Ultimately, fairness is the key criterion in determining whether to reopen.

*Smith v. Rogers Galvanizing Co.*, 148 F.3d 1196, 1197-98 (10th Cir. 1998) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that while plaintiff timely filed its motion, there is no need to supplement the record of Phase II of the trial with the letters. Specifically, the Court finds the record contains sufficient evidence on the issue of when defendants knew that plaintiff claimed 7 U.S.C. § 1926(b) protection in relation to defendants' South Division Extension for this Court to make its rulings as to Phase II of the trial and that the two letters plaintiff seeks to supplement the record with would be cumulative.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Supplement the Record of Phase II of Trial [docket no. 474], defendants' Motion to Strike and Seal Privileged Material, with Request for Sanctions [docket no. 480], and defendants' Motion for Leave to Conduct Discovery Regarding (1) Plaintiff's Motion to Supplement the Record of Phase II of

Trial and (2) Defendant's Motion to Strike and Seal Privileged Material with Request for Sanctions [docket no. 489].

**IT IS SO ORDERED this 3rd day of September, 2015.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE