IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RURAL WATER SEWER AND SOLID ) <br> WASTE MANAGEMENT DISTRICT ) <br> NO. 1, LOGAN COUNTY, OKLAHOMA, ) <br> AN AGENCY AND LEGALLY ) <br> CONSTITUTED AUTHORITY OF THE ) <br> STATE OF OKLAHOMA, ) <br> ) <br>           Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF GUTHRIE, AN OKLAHOMA ) <br> MUNICIPALITY, AND THE GUTHRIE ) <br> PUBLIC WORKS AUTHORITY, ) <br> A PUBLIC TRUST, ) <br> ) <br>           Defendants. ) | Case No. CIV-05-786-M |

## ORDER

Before the Court is defendants' Combined (1) Renewed Motion for Judgment as a Matter of Law and (2) Motion for New Trial, with Combined Brief in Support, filed January 25, 2016. On February 8, 2016, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff Rural Water, Sewer, and Solid Waste Management District No. 1, Logan County, Oklahoma ("Logan-1") brought this action, pursuant to 42 U.S.C. § 1983, against defendants City of Guthrie and the Guthrie Public Works Authority (collectively "Guthrie") for the purpose of enforcing its rights under 7 U.S.C. § 1926(b). A jury trial was conducted to determine if Logan-1 is entitled to the protections provided by § 1926(b) as against Guthrie as to certain disputed customers. On November 14, 2014, a jury entered its verdict finding in favor of Logan-1 as to the following disputed customers: the Mission Hills development, the Pleasant Hills development, and disputed

customer nos. 1, 3, 5, 6, 8, 9, 11, 12, 18, 20, 21, 24, 26, 27, 29, 30, 32, 36, 39, 48, 50, 53-58, 60-69, 71, 73, 75, 77, 79, 80, 82-88, 90, 92-94, 98, 100, 101, 103-117, 119, 123, 125, 127, 136, 140, 142, 145, 146, 148-154, 158, 160-162, 164, 167, 169, 170, 174-179, 181, 182, 184, 186, 188-190, 193, 196, 197, 205, 206, 209, 210, 212, 214, 215, 218, 222, 228, 230-237, 239-244, 246, 250-254, 256, 258-262, 276, 280-285, 292-294, 296-299, 302, 303, 321, 322, 327, 329, 330-332, 334-336, 345, 349, 351-354, 356-360, 363-365, 384, and 388 (hereinafter "Disputed Customers"). The jury further determined Logan-1's damages to be $1,274,437.00. On January 8, 2015, the Court conducted an evidentiary hearing to determine the appropriate equitable relief, if any, which should be granted to Logan-1 in relation to the Disputed Customers, and on January 11, 2016, the Court entered an order finding that a permanent injunction preventing Guthrie from any continued or new violations of Logan-1's rights under § 1926(b) as to the Disputed Customers should be entered but that a constructive trust to the on-site water lines and facilities associated within the Mission Hills Addition should not be imposed in this case. On January 11, 2016, the Court also entered Judgment in this case based upon the jury's verdict and the Court's January 11, 2016 Order.

Guthrie now moves this Court for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) or a new trial under Federal Rule of Civil Procedure 59(a). Specifically, Guthrie seeks judgment as a matter of law or a new trial based upon the following alleged evidentiary errors: (1) unreasonable assumptions made by Logan-1's engineer in testimony proffered to meet the "made service available" element of 7 U.S.C. § 1926(b) protection, (2) errors and defects in Logan-1's auditor's testimony regarding damages calculations, and (3) Guthrie's offers of evidence and testimony that would contradict prejudicial claims made by Logan-1 during trial. Further, Guthrie seeks a new trial based upon newly discovered evidence, the Court's failure to sustain Guthrie's

2

motions for mistrial, and allegedly improper jury instructions. Guthrie also asserts that this Court erred in failing to include, within the Judgment, its previous rulings on Guthrie's motion for judgment as a matter of law during trial that granted relief to Guthrie. Guthrie further urges the Court to reconsider its rulings on whether Logan-1, as a state agency, can properly bring a 42 U.S.C. § 1983 action. Additionally, Guthrie seeks a new trial on its award of prejudgment interest. Finally, Guthrie seeks clarification of the Court's injunction.

II.     Applicable Standards

"Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury. However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997) (internal quotations and citations omitted). In considering a motion for judgment as a matter of law, the court should construe the evidence and inferences most favorably to the non-moving party. *Doan v. Seagate Tech., Inc.*, 82 F.3d 974, 976 (10th Cir. 1996).

"The decision whether to grant a new trial is committed to the informed discretion of the district court." *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987). In considering a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party. *Joyce v. Davis*, 539 F.2d 1262, 1264 (10th Cir. 1976). "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). A new trial

is appropriate if the verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence." *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986) (internal citations omitted).

III. Discussion

> A. Alleged error by the Court in failing to include, within the Judgment, its previous rulings on judgment as a matter of law granting relief to Guthrie

During trial, at the close of Logan-1's case, Guthrie filed a Motion for Judgment as a Matter of Law, and the Court granted in part Guthrie's motion. Specifically, the Court granted judgment as a matter of law for all formerly disputed customers for which Logan-1 did not present any evidence during trial, which included customers excluded by Judge Russell's rulings on Guthrie's 5th, 6th, and 7th motion in limines, customers excluded by orders in limine over Logan-1's opposition for which Logan-1 did not present any evidence during trial, and customers who received water service after Logan-1 filed this action, for which expert reports were provided but regarding which no evidence was presented at trial; and for disputed customers for which Logan-1did not present evidence of a date for a first request for water service.[1] Guthrie asserts that given these rulings, it is entitled to a modification of the Judgment, awarding these customers to Guthrie.

Logan-1 did not allege multiple § 1926(b) causes of action as to each individual disputed customer but alleged a single § 1926(b) cause of action that encompassed numerous disputed customers. None of the disputed customers for which the Court granted judgment as a matter of law

---

[1]This ruling granted judgment as a matter of law for disputed customers nos. 2, 4, 7, 10, 13, 16, 19, 33, 35, 38, 41, 43, 45, 47, 49, 52, 54, 57, 59, 89, 91, 95-97, 121, 124, 138, 141, 143, 147, 156, 163, 165, 166, 171-173, 183, 185, 191, 192, 194, 198, 200, 202, 210, 221, 223, 226, 229, 238, 245, 248, 249, 255, 257, 264-275, 277-279, 286-291, 300, 301, 303, 304, 307-312, 314-320, 323, 324, 326, 328, 333, 337-344, 346-348, 350, 355, 362, 366-382, 389-401, 405-408, 1005-1057, 1059-1087, 1087-A, 1088-1242, and 1244-1251.

were included in the verdict form and, thus, the jury made no findings and awarded no damages in relation to these disputed customers. Additionally, the permanent injunction entered by this Court against Guthrie did not enjoin Guthrie from acting in any respect regarding these disputed customers. Because there were not separate causes of action made as to these disputed customers, and because the Judgment does not award any damages with respect to these disputed customers and does not enjoin Guthrie from acting in any respect regarding these disputed customers, the Court finds Guthrie is not entitled to a modification of the Judgment in this case.

      B.      <u>Whether Guthrie is entitled to judgment as a matter of law because Logan-1 is a state agency</u>

Guthrie re-urges its motion for judgment as a matter of law on the basis that Logan-1 cannot pursue a Section 1983 claim because it is a state agency. The Tenth Circuit addressed this issue in *Rural Water Dist. No. 1, Ellsworth Cty., Kan. v. City of Wilson, Kan.*, 243 F.3d 1263 (10th Cir. 2001). The Tenth Circuit held:

> In this case, Post Rock is claiming a statutory violation. Section 1983 provides a private cause of action for violations of federal statutes, as well as for constitutional violations. This court has held that a political subdivision [may] sue its parent state when the suit alleges a violation by the state of some controlling federal law. It follows that Post Rock can sue the City under § 1983 for violations of § 1926.

*Id.* at 1274 (internal quotations and citations omitted). Further, the Tenth Circuit held that the plaintiff was "not precluded from bringing an action under § 1983 simply by its status as a quasi-municipality." *Id.*

Based upon the Tenth Circuit's holdings, the Court finds the fact that Logan-1 is a state agency does not preclude it from pursuing a Section 1983 claim based upon violations of 7 U.S.C.

5

§ 1926(b). The Court, therefore, finds that Guthrie is not entitled to judgment as a matter of law on this basis.

      C.      <u>Alleged error in allowing expert testimony of Logan-1's engineer, David Wyatt</u>

Guthrie asserts that the opinions of Mr. Wyatt, Logan-1's engineer, were inadmissible and should have been excluded from trial because they were based on a misinterpretation of the Tenth Circuit's holdings regarding the customer-by-customer approach to the made service available test for § 1926(b) protection. Having carefully reviewed the parties' submissions, as well as the transcript of Mr. Wyatt's trial testimony, the Court finds that Mr. Wyatt's opinions were not based on any misinterpretation of the Tenth Circuit's holdings. Mr. Wyatt opined that Logan-1 would have constructed certain extensions of the pipeline, i.e., certain projects, based upon requests for water service by certain Disputed Customers, if those requests had been made, and opined that specific projects would have made service available for certain specific Disputed Customers. The Court finds these opinions that individual Disputed Customers would be served by various projects which would have provided water service to that individual customer is not precluded by, but is in fact appropriate under, the Tenth Circuit's ruling regarding the customer-by-customer approach to the made service available test. The Court further finds that through the grouping of Disputed Customers by project, Logan-1 and its expert did not treat each project as if it were a subdivision.

Guthrie further asserts that Mr. Wyatt's opinions were inadmissible and should have been excluded from trial because they were based on a faulty assumption that water line extension projects would have been built at certain times in the past and that they would have been built in chronological succession. Having carefully reviewed the parties' submissions, as well as the transcript of Mr. Wyatt's trial testimony, the Court finds there was a sufficient basis for Mr. Wyatt's

6

opinions and they were properly admitted. Additionally, the Court finds that a reasonable juror could find that Logan-1 would have constructed the projects and would have constructed the projects in the chronological order opined by Mr. Wyatt.

Guthrie also asserts that Mr. Wyatt's opinions were inadmissible and should have been excluded because they were based on erroneous information regarding the location of two Disputed Customers – Disputed Customers nos. 384 and 388. Specifically, Guthrie asserts that because these customers are located on the east side of I-35, and the water lines were located on the west side of I-35, Logan-1 could not have made service available to these customers. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Logan-1, the Court finds that there is a legally sufficient evidentiary basis to support a finding that Logan-1 could have made service available to Disputed Customers nos. 384 and 388.

Based upon the above arguments, Guthrie contends that it is entitled to judgment as a matter of law or a new trial. As set forth above, the Court finds that Mr. Wyatt's opinions were properly admitted and that sufficient evidence was submitted to support the jury's finding that Logan-1 made service available to each of the Disputed Customers. Accordingly, the Court finds that Guthrie is not entitled to judgment as a matter of law or a new trial on this basis.

D. Alleged error in allowing Logan-1's evidence of damages

Guthrie asserts that it is entitled to judgment as a matter or law or a new trial on the basis of alleged error in allowing Logan-1's damages evidence. Specifically, Guthrie asserts that Mr. Northrip, Logan-1's auditor, opined as to "net revenues" and not compensatory damages. Guthrie further asserts that this Court instructed the jury to utilize the terminology of Mr. Northrip for "net

7

revenues" when computing damages, resulting in an erroneous and highly prejudicial jury instruction.

Having reviewed the parties' submissions, the Court finds it was appropriate for Mr. Northrip to opine as to "net revenues." Additionally, the Court gave the following jury instruction as to the general measure of damages in this case:

> It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.
> If you find for Logan-1 on its claim for a particular Disputed Customer, you must determine Logan-1's damages for that particular Disputed Customer. Logan-1 must prove its damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.
> Here, Logan-1 claims recovery of its lost profits/net revenues due to Guthrie's water sales to the Disputed Customers. Logan-1 must prove that, if it had sold water to a Disputed Customer, a certain level of profit on its sale of water would have been probable.
> Your award must be based upon evidence and not speculation, guesswork, or conjecture.

Jury Instruction No. 17 [docket no. 454]. The Court finds that this jury instruction properly instructed the jury as to the measure of damages in this case and properly instructed what Logan-1 was required to prove in relation to any award of damages.

Guthrie also asserts that Mr. Northrip used only operating expenses and depreciation to calculate "net revenues" and Logan-1 did not present costs of capital or costs to construct the line extensions and water system improvements as part of its damages calculation, which was required to be factored into the damages calculation. Having reviewed the trial testimony of Mr. Northrip, the Court finds Mr. Northrip did not fail to consider costs of capital or costs to construct the line extensions and water system improvements. Mr. Northrip included these costs in depreciation.

8

Additionally, Guthrie contends that Mr. Northrip's calculations are unreliable and no reasonable juror should rely upon his testimony to find damages for Logan-1. Specifically, Guthrie asserts that Mr. Northrip admitted that he had no knowledge as to whether or not the customers for which he did offer an opinion remained customers of Guthrie during the entire "net revenue" period he computed. Further, Guthrie asserts that Mr. Northrip improperly used revenue averaging in calculating damages. Guthrie, thus, contends that the alleged errors in Mr. Northrip's opinions resulted in grossly overstated damages.

Having carefully reviewed the parties' submissions, the Court finds that many of Guthrie's arguments go to the credibility of and the weight to be given to Mr. Northrip's testimony, issues for the jury to decide. Further, viewing the evidence in the light most favorable to Logan-1, the Court finds there was legally sufficient evidence submitted to support the jury's damage awards.

Accordingly, the Court finds that Guthrie is not entitled to judgment as a matter of law or a new trial on this basis.

E. <u>Whether Guthrie is entitled to a new trial based on newly discovered evidence</u>

Guthrie asserts that Mr. Wyatt testified at trial that Logan-1 could have extended a waterline to Mission Hills within 97 days of the first request for water service but that Mr. Wyatt submitted a new report on December 14, 2014 stating that Logan-1 would need 18 months in order to serve Mission Hills. Guthrie contends that this newly discovered evidence shows the wide disparity between reality and Logan-1's promises to the jury and that if the jury had received Mr. Wyatt's supplemental report, produced after trial, showing the more realistic estimate of time to serve, the verdict would have been different.

Having carefully reviewed Mr. Wyatt's trial testimony and Mr. Wyatt's testimony at the evidentiary hearing held on January 8, 2015[2], the Court finds that Mr. Wyatt's January 8, 2015 testimony is not inconsistent with his testimony during the jury trial. At the jury trial, Mr. Wyatt testified that the Mission Hills and Pleasant Hills project would have been built inside of six months. *See* Trial Transcript at p. 296, lines 16-24. At the evidentiary hearing, Mr. Wyatt testified that if you considered Mission Hills and Pleasant Hills as an isolated project, the time frame would still be six months. *See* Transcript of Evidentiary Hearing at p. 127, line 24 - p. 128, line 1. It was only when Mr. Wyatt was asked about the time frame to complete all nine projects that Mr. Wyatt testified that it would take between 18 and 24 months. *See id.* at p. 128, lines 13-20. Because there is no inconsistent testimony, and because Mr. Wyatt has not altered the opinions he gave during the trial, the Court finds that there is no newly discovered evidence and that a new trial is not warranted.

  F. <u>Whether the Court's failure to sustain Guthrie's motions for mistrial warrants a new trial</u>

Guthrie contends that this Court's failure to sustain Guthrie's motions for mistrial warrants a new trial. Guthrie asserts that it was denied a fair opportunity to defend against Logan-1's claims because of the Court's rulings allowing Logan-1's allegedly prejudicial evidence and testimony and the Court's failure to allow Guthrie to introduce evidence contradicting Logan-1's assertions. Specifically, Guthrie asserts that it was prejudiced by evidentiary rulings preventing Guthrie from (1) contradicting Logan-1's assertions that it would have paid for all line extensions for the Disputed Customers, (2) showing the existence of, and facts and circumstances regarding, non-disputed customers near and in some cases adjacent to Disputed Customers, and (3) showing Logan-1's

---

[2] Mr. Wyatt's testimony at the evidentiary hearing was based, in part, on his new report.

pressure issues and their effect on Logan-1's claimed ability to make service available to the Disputed Customers. As set forth in section G below, the Court's evidentiary rulings were proper. Therefore, the Court did not err in denying Guthrie's motions for mistrial, and Guthrie is not entitled to a new trial on this basis.

> G. Alleged error in certain evidentiary rulings on evidence offered by Guthrie during trial

Guthrie asserts that it suffered prejudice as a result of certain of the Court's allegedly erroneous evidentiary rulings. First, Guthrie contends that the Court erred in refusing to allow Guthrie to inform the jury of customers that had been disputed earlier in the litigation but were dropped from Logan-1's claims based on Logan-1's failure to meet its evidentiary burdens. Guthrie asserts that it was prejudiced by the Court's ruling because evidence regarding these customers would have defeated many of Logan-1's claims based on the "developer approach" employed at trial by Logan-1.[3] Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that it did not err in excluding evidence regarding customers that had been disputed earlier in the litigation but were dropped from Logan-1's claims. Evidence concerning customers who were no longer in dispute was not relevant to the remaining issues in the case and would only confuse the jury.

Second, Guthrie contends that the Court erred in refusing to allow evidence regarding Logan-1 making requests to purchase water from Guthrie or the City of Edmond due to its water shortages and evidence regarding Logan-1's rationing and low-pressure issues that existed even without the addition of hundreds of new customers. Guthrie asserts that through these evidentiary rulings,

---

[3]As set forth supra, Logan-1 used a project approach; it did not use a "developer approach."

11

Logan-1 was allowed to mislead the jury on whether Logan-1 had made service available under Section 1926(b). Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that it did not err in excluding evidence regarding Logan-1 making requests to purchase water and Logan-1's rationing and low-pressure issues. The Court finds this evidence was not relevant. Additionally, "[r]esolution of questions as to the adequacy of water service to be provided is within the exclusive jurisdiction of the regulatory agencies." *Rural Water System #1 v. City of Sioux Ctr., Iowa*, 29 F. Supp. 2d 975, 994 (N.D. Iowa 1998). Further, service and quality issues relating to customers other than the Disputed Customers were not relevant.

Third, Guthrie contends that the Court erred in refusing to allow evidence to contradict Logan-1's assertions that it would pay for water line extensions for the Disputed Customers at no cost. During the trial, Logan-1 presented evidence that it historically had a policy to pay for line extensions to serve developments and groups of customers when it is anticipated that the revenues to be generated by such customers makes it economical but that if a single customer requested water service, it was its practice that the individual customer would be required to pay for the cost of any needed line extension. The Court finds that the exclusion of evidence regarding Logan-1 requesting Love's Travel Stop, an individual customer, to pay for a portion of the line extension was proper. Specifically, the Court finds that said evidence would have been cumulative and was not relevant, specifically considering that Love's Travel Stop was not a Disputed Customer at issue in the trial.

Fourth, Guthrie contends that the Court erred in excluding the testimony of Mr. Shadid, Guthrie's longtime city attorney, that the rights of way within the City of Guthrie are largely full and full rights of way would require new condemnations or donations of land to run additional water lines and in excluding the testimony of Albert and Joann Thompson, non-disputed customers who

12

failed to obtain water service from Logan-1 in the vicinity of Mission Hills prior to the lawsuit. Having reviewed the parties' submissions, as well as the Court file, the Court finds the testimony of Mr. Shadid and the Thompsons was properly excluded. Specifically, the Court finds that Mr. Shadid's testimony was properly excluded because his proposed testimony was expert testimony for which he was not qualified to give and for which he had not provided any expert report or proper disclosure. The Court further finds that testimony of the Thompsons was properly excluded because evidence regarding customers other than the Disputed Customers was not relevant.

Finally, Guthrie contends the Court erred in not allowing the jury to consider evidence of the value of the real property for the customers. Specifically, Guthrie asserts its expert, Mr. Myers, intended to testify that the additional cost to obtain water from Logan-1 as opposed to another water provider would make the construction cost-prohibitive when compared with the value of the property and that if Logan-1 were the only choice, then the new construction or new customer would not ever become a water customer of Guthrie or Logan-1 and would remain undeveloped land. Having reviewed the parties' submissions and the trial testimony, the Court finds that it properly excluded the portion of Mr. Myers' testimony regarding real estate values. Specifically, the Court finds that evidence relating to the value of the real estate was not relevant and that Mr. Myers' testimony was properly limited to the same scope as Mr. Wyatt's testimony.

Accordingly, the Court finds that Guthrie is not entitled to a new trial on the basis of alleged erroneous evidentiary rulings by the Court.

H. Alleged improper jury instructions

Guthrie asserts that it is entitled to a new trial based on allegedly improper jury instructions. Specifically, Guthrie asserts that this Court should have instructed the jury regarding: (1) Logan-1's

alleged failure to minimize damages, (2) the requirement that Logan-1 must maintain adequate water pressure, (3) Logan-1's regulatory obligations, (4) additional excessive cost factors, (5) the excessive cost of water, and (6) existing facilities. Having carefully reviewed the jury instructions given in this case, as well as Guthrie's proposed instructions, the Court finds that the jury instructions given in this case were appropriate and complied with Tenth Circuit law. The Court further finds that the proposed instructions that Guthrie asserts should have been given were not necessary and/or did not comply with the applicable law. Accordingly, the Court finds that Guthrie is not entitled to a new trial on this basis.

I.   Alleged error in award of prejudgment interest

Guthrie asserts that this Court erred in its award of prejudgment interest. Specifically, Guthrie asserts that it is unclear as to how the Court calculated the prejudgment interest. Guthrie further asserts that it fears the Court may have inadvertently relied upon a supplemental expert report that the Court struck on Guthrie's motion. Guthrie also asserts that the Court used the wrong interest rate.

In calculating the prejudgment interest in this case, the Court took the total amount of the jury's verdict and divided it by the number of years from two years before the lawsuit was filed to the date of judgment to determine a yearly amount.[4] The Court then took the yearly average of the IRS short term rate for each "year" and multiplied the yearly average and the yearly amount to determine the yearly interest. For each subsequent year, the Court would add the prior yearly amount, the prior yearly interest, and the yearly amount for the next year and multiply that amount by the yearly average of the IRS short term rate to determine that year's interest. Further, the Court

---

[4]The "year" ran from July to June.

14

would advise the parties that it did not rely upon Mr. Northrip's supplemental expert report that had been stricken and that the Court believes that it used an appropriate interest rate. Accordingly, the Court finds that it did not err in its award of prejudgment interest.

J.    Injunctive relief

Finally, Guthrie requests that this Court clarify or correct its injunction order and judgment to ensure (1) that Logan-1 cannot later argue that the injunction extends to customers other than those awarded by the jury and (2) that the judgment explicitly states that the injunction against further service to the Disputed Customers does not take effect until the earlier of (a) Logan-1's readiness to connect or (b) two years after completion of appeal. Having carefully reviewed the Court's January 11, 2016 Order and Judgment, the Court finds that it is clear that the injunction entered in this case only extends to the Disputed Customers awarded by the jury. Additionally, the Court finds that since the Court's January 11, 2016 Order explicitly states that Guthrie shall continue to provide potable water service to the Disputed Customers until two years from the date of the final resolution of this case or until such time as Logan-1 is ready to connect the Disputed Customers to its own facilities, whichever is earlier, *see* January 11, 2016 Order [docket no 503] at 7-8, it is unnecessary to amend the judgment to include this language.

IV.    Conclusion

For the reasons set forth above, the Court DENIES Guthrie's Combined (1) Renewed Motion for Judgment as a Matter of Law and (2) Motion for New Trial [docket no. 512].

**IT IS SO ORDERED this 21st day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

15